UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ARTY GRANT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GRAYCOR INDUSTRIAL )<br>CONSTRUCTORS, INC., )<br>)<br>Defendant. ) | 3:12-cv-44-RLY-WGH |

## MAGISTRATE JUDGE'S OPINION
## ON DISCOVERY DISPUTE

This is an employment discrimination action brought by Plaintiff, Arty Grant ("Grant"), against Defendant Graycor Industrial Constructors, Inc. ("Graycor"). Grant contends that he was discriminated against because of his race and retaliated against for engaging in an activity protected by Title VII. The matter before the Magistrate Judge raises a frequently litigated discovery dispute. Specifically, Graycor seeks to send non-party subpoenas to Grant's former employers. Graycor seeks from each previous employer "a true, complete and authentic copy of all employment records in its possession for [Plaintiff]." The records sought include, but are not limited to, "all records relating to his rate of pay, amount of income received, absenteeism, hours worked, benefits available and received, evaluations, physical examinations or medical records and letters of resignation or termination of employment."

Grant objects to these subpoenas on the grounds that they are overly broad, irrelevant to his claims, and not reasonably calculated to lead to the discovery of admissible evidence. Further, Grant alleges that the production requests are an attempt to invade his privacy and harass and annoy him.

Grant is a member of a local union pursuant to the union's Working Agreement, which is attached as Exhibit A to Grant's brief. Under that Agreement, a prospective employer retains the right to reject any applicant furnished by the union; it also has the right to determine the competency and qualifications of the union's members referred to a given job site. Additionally, the employer may call the union for an individual by name, provided he is on an unemployed list maintained by the union and provided he is not employed by another employer. If so requested, the union is required to refer that individual. Under these circumstances, the information a prior employer has about Grant can certainly affect his job prospects for being called to another job by that employer in the future.

While there is a significant question about whether evidence of Grant's prior employment is admissible at this trial, virtually all cases that have addressed the issue find the information concerning a plaintiff's prior work experience to be *discoverable*. This is particularly the case when a plaintiff – like Grant, in this instance – alleges that he was subjected to a hostile work environment and sustained emotional distress from his employment. The

Magistrate Judge, therefore, concludes that the information sought by the subpoenas is relevant and that the requests, as phrased, are not overly broad.

The more difficult issue is whether seeking this information from all prior employers should be prohibited because it protects Grant from "annoyance, embarrassment, oppression." FED. R. CIV. P. 26(c)(1). Some cases have recognized that plaintiffs – like Grant – have a legitimate interest in preserving their relationships with previous employers. *See Woods v. Fresenius Medical Care Group of North America,* 1:06-cv-1804-RLY-WTL (S.D. Ind. January 16, 2008). In this particular case, because Grant is a union member and is subject to returning to work for his past employers, this interest is entitled to at least some degree of protection.

The directing of a subpoena to all 26 prior employers listed by Grant[1] would serve as undue annoyance, embarrassment, or oppression because the suggestion that a potential employee is engaged in litigation with another employer can reasonably be seen as "poisoning the well" with potential employers. Graycor does suggest, however, that if Grant has previously sued an employer, has filed a formal or informal complaint against a previous employer, has received discipline from a prior employer, or has been suspended or terminated from employment, that information is both relevant to this lawsuit and would be produced by employers who were already aware of

---

[1] The Magistrate Judge does not see 26 employers listed in the Amended Answers to Interrogatories. However, the parties agree that those numbers exist.

-3-

Grant's claims against them. Grant has less reason to be annoyed, embarrassed, or oppressed when there is a disciplinary history between he and his former employer.

Therefore, Grant's motion, construed as a motion protective order, must be **GRANTED in part** and **DENIED in part.** The motion is granted in that Graycor may not issue subpoenas to all 26 employers listed by Grant in his Amended Answers to Interrogatories. However, within fifteen (15) days of the date of this Order, Grant must identify from his list of prior employers those that:

(1) he has sued;

(2) he has filed a formal or informal complaint against alleging discriminatory or retaliatory conduct;

(3) he has received discipline from, and the reasons therefor; and

(4) have suspended or terminated him from employment.

Graycor may issue subpoenas only to those prior employers identified as falling into those categories.

**SO ORDERED** the 26th day of November, 2012

_William G. Hussmann, Jr._
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

-4-

**Electronic copies to:**

Lauren Elizabeth Berger
BIESECKER DUTKANYCH & MACER LLC
lberger@bdlegal.com

Kyle Frederick Biesecker
BIESECKER DUTKANYCH & MACER, LLC
kfb@bdlegal.com

Amanda C. Couture
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
amanda.couture@ogletreedeakins.com

Robert F. Seidler
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
rob.seidler@ogletreedeakins.com